## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

OMAR BERNARD,

*Defendant.*

CRIMINAL ACTION
NO. 20-cr-208

**PAPPERT, J.**                                                                 **July 21, 2021**

### MEMORANDUM

Omar Bernard was charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (Indictment, ECF 1.)  Trial begins on July 27.  Bernard filed a Motion *in Limine* to exclude his prior criminal convictions as evidence of his character for truthfulness under Federal Rule of Evidence 609(a)(1)(B) and (b)(1).  (ECF 40.)  Bernard's convictions include: (1) three February 2003 convictions for manufacturing, delivering or possessing with intent to distribute a controlled substance; (2) a June 2006 conviction for three firearms offenses; (3) a June 2006 conviction for manufacturing, delivering or possessing with intent to distribute a controlled substance; (4) a June 2017 conviction for manufacturing, delivering or possessing with intent to distribute a controlled substance; and (5) a June 2017 conviction for resisting arrest.  (*Id.*)  The Government responded, arguing it should be allowed to use each of these prior convictions to impeach Bernard at trial. (ECF 41.)  After reviewing the parties' submissions and holding oral argument, the Court grants the Motion.

I

Federal Rule of Evidence 609 governs the admissibility of prior criminal convictions offered to impeach a witness's credibility.  When the testifying witness is the defendant in a criminal case, evidence of the prior conviction must be admitted only "if the probative value of the evidence outweighs its prejudicial effect to that defendant."  Fed. R. Evid. 609(a)(1)(B).  "This reflects a heightened balancing test and a reversal of the standard for admission under Rule 403," creating "a predisposition toward exclusion."  *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (citing Wright & Gold, *Federal Practice and Procedure* § 6132, at 216).  The Government bears the burden of satisfying this heightened test.  *Caldwell*, 760 F.3d at 289.  Prior convictions that are more than ten years old are admissible only if their "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect."  Fed. R. Evid. 609(b)(1).  "The Advisory Committee Notes for Rule 609(b) emphasize that 'convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'"  *United States v. Shannon*, 766 F.3d 346, 352 n.9 (3d Cir. 2014) (citing Fed. R. Evid. 609(b) advisory committee's note).

In *Government of the Virgin Islands v. Bedford*, the Third Circuit Court of Appeals set out four factors to consider when applying the test set forth in Rule 609: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the defendant's testimony to the case; and (4) the importance of the credibility of the defendant."  *Caldwell*, 760 F.3d at 286 (quoting *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)).

As for the first *Bedford* factor, the kind of crime involved, the Court "consider[s] both the impeachment value of the prior conviction as well as its similarity to the charged crime." *Caldwell*, 760 F.3d at 286. Impeachment value refers to the degree to which a conviction is probative of the defendant's character for truthfulness. *Id.* "Crimes of violence generally have lower probative value in weighing credibility . . . In contrast, crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible." *Id.* "With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Id.*

When evaluating the second *Bedford* factor, the age of the prior conviction, the Court considers whether the passage of time has reduced the prior conviction's probative value. Where the defendant "has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion," his prior conviction may have less probative value. *Id.* at 287. On the other hand, the probative value of the prior conviction "may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions." *Id.* In other words, the age of the prior conviction may weigh in favor of exclusion if circumstances suggest that the defendant's character has since improved. *Id.* (citing Wright & Gold, *Federal Practice and Procedure* § 6132, at 258).

With respect to the third *Bedford* factor, "[i]f it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents

the accused from testifying." *Id.* (quoting Glenn Weissenberger & James J. Duane, *Weissenberger's Federal Evidence* § 609.2 (4th ed. 2001)).  The fourth *Bedford* factor concerns the significance of the defendant's credibility to the case; "[w]hen the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction." *Id.* (citing Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.05[3][f] (2d ed. 2011)).[1]

## II

## A

The Government fails to meet its burden to show that Bernard's 2017 convictions are admissible for impeachment purposes.  The first *Bedford* factor tilts the Rule 609(a)(1)(B) balance toward exclusion.  While the drug offense is not similar to the charge Bernard faces now, its probative value for establishing Bernard's character for truthfulness is low.  "The degree to which drug convictions imply dishonesty varies" and "depends on the circumstances" of the conviction. *United States v. Mullins*, 2019 U.S. Dist. LEXIS 61318 at *6 (E.D. Pa. Apr. 5, 2019) (citing *United States v. Womack*, 1998 WL 24355 at *1 (D. Del. Jan. 12, 1998) (noting that "some drug offenses are generally more covert or deceptive" than others and referring to a "spectrum" of crimes with differing impeachment value)).  Bernard was sentenced to 18 to 48 months' imprisonment, even after committing four prior drug offenses, suggesting he committed a low-level offense.  The Government, which "bears the burden of persuading the court

---

[1]    The Third Circuit has acknowledged the tension between the third and fourth *Bedford* factors—as one tilts the 609(a)(1)(B) balance toward exclusion, the other tilts toward inclusion. *See Caldwell*, 760 F.3d at 288 n.15 (citing, *inter alia*, Roderick Surratt, *Prior-Conviction Impeachment Under the Federal Rules of Evidence: A Suggested Approach to Applying the 'Balancing' Provision of Rule 609(a)*, 31 Syracuse L. Rev. 907, 943, 945 (1980)).

that the evidence should be admitted, i.e., that its probative value outweighs its prejudicial effect," provides no other details regarding the circumstances of the crime. *United States v. Ponder*, 2017 WL 2633467 at *2 (M.D. Pa. June 16, 2017) (quoting *Bedford*, 671 F.2d at 761). It does not, for instance, argue that Bernard was involved in the sort of large-scale drug conspiracy that might require deception. Thus, while a felony conviction has some inherent impeachment value, *see Mullins*, 2019 U.S. Dist. LEXIS 61318 at *6, the connection between this drug conviction and Bernard's likelihood of testifying truthfully is attenuated. *See United States v. Church*, 2016 WL 613185 at *1 (E.D. Pa. Feb. 16, 2016).

The same goes for Bernard's conviction for resisting arrest. Nothing about that conviction calls into question Bernard's tendency to testify truthfully. *See Caldwell*, 760 F.3d at 286. And although the Government conclusorily says Bernard's conviction is probative of his credibility, it provides no specific argument as to why. *See* (Gov't Resp. at 7–9).

The second *Bedford* factor does not weigh in favor of inclusion or exclusion. While the age of the convictions does not necessarily reduce their probative value—the offenses were not "mere youthful indiscretion[s]"—the Court has already determined that the convictions' probative value for establishing Bernard's character for truthfulness is low.

The third *Bedford* factor, the importance of the defendant's testimony to his defense, also supports exclusion. According to Bernard, "there are no independent defense witnesses who can provide testimony related to whether Mr. Bernard committed the instant offense other than Mr. Bernard himself." (Mot. at 10.) Without

his own testimony, Bernard fears he will have no way of refuting the law enforcement officers the Government intends to use to prove its case.  (*Id.*)  The Government argues only that "it is unclear how [Bernard] will offer a credible explanation for how he did not possess the firearms found in his possession by the police." (Gov't Resp. at 9.) Bernard is right—his testimony will likely be critical to his defense and allowing the Government to impeach him with his prior convictions may "in effect prevent[ him] from testifying." *Caldwell*, 760 F.3d at 287 (quoting Glenn Weissenberger & James J. Duane, *Weissenberger's Federal Evidence* § 609.2 (4th ed. 2001)).

The fourth *Bedford* factor weighs against exclusion, but not enough to overcome the other factors.  *See id.* at 288–89.  Like in *Caldwell*, this case will likely be a "'he said, they said' battle" between Bernard and law enforcement.  *Id.* at 288.  Even so, the *Bedford* factors taken together tilt the 609(a)(1)(B) balance toward excluding evidence of Bernard's 2017 convictions.  The Government has not shown that the convictions "make[] a tangible contribution to the evaluation of credibility" that will outweigh "the usual high risk of unfair prejudice." *Caldwell*, 760 F.3d at 286.

### B

The Government also fails to meet its burden to show that Bernard's other convictions are admissible for impeachment.  They occurred more than ten years ago, so to avoid exclusion the Government must show that each conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).  Four out of five of these convictions were for low-level drug offenses.  Thus, for the reasons discussed above the Government cannot show that their probative value substantially outweighs their prejudicial effect.

The fifth conviction, for various firearms violations, is also inadmissible.  Briefly, the first *Bedford* factor weighs in favor of exclusion.  A firearm offense does not bear on Bernard's truthfulness and the similarity between the prior conviction and the current charge will prejudice him.  The second *Bedford* factor also favors exclusion because Bernard was convicted of this offense fifteen years ago.  For the reasons discussed above, the third and fourth *Bedford* factors do not tip the scales in the Government's favor.

The *Bedford* factors, taken together, show that Bernard's five convictions from 2003 to 2006 are inadmissible under Rule 609(b)(1).  The probative value of each conviction does not substantially outweigh its potential prejudice to Bernard.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.